IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RUTH ANN WISE,

        Petitioner,

v.                                                   Civil Action No. 3:06-CV-111
                                                 Criminal Action No. 2:05-CR-6-003

UNITED STATES OF AMERICA,       (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED
BECAUSE DEFENDANT WAIVED THE RIGHT TO FILE
A COLLATERAL ATTACK INCLUDING A MOTION UNDER
28 U.S.C. § 2255**

**I. INTRODUCTION**

On October 19, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response on December 11, 2006.

**II. FACTS**

A.     **Conviction and Sentence**

On June 27, 2005, petitioner signed a plea agreement by which she agreed to plead guilty to Count 6, distribution of crack cocaine, in violation of Title 21 United States Code Section § 841(a)(1). In the plea agreement, the parties stipulated and agreed the total relevant conduct of petitioner was 109.65 grams of cocaine base. The petitioner further stipulated she was neither a minor, nor minimal participant in the offenses alleged in the indictment. Additionally, the petitioner waived her right to appeal and to collaterally attack her sentence. Specifically, the petitioner's plea agreement contained the following language regarding her waiver:

10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Defendant is also aware that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) of which the defendant has been convicted. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waive the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code Section 3742, except as hereinafter provided. The United States would also waives its right to appeal the such sentence except as hereinafter provided.

11. The above waiver notwithstanding, Defendant will retain her appellate rights with respect to any sentence that includes a term of imprisonment in excess of 188 months, and the United States will retain the right to appeal any sentence that includes a term of incarceration of less than 108 months. This reservation of rights is designed to ensure the United States retains the benefits of the plea agreement and is not intended to represent Defendant's estimation of what an appropriate or reasonable sentence would or should be.

12. Defendant also, without exception, knowingly and voluntarily waives her right to challenge the sentence imposed or the manner in which it was determined in any collateral attack including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

On June 28, 2005, the petitioner entered her plea in open court. Petitioner was 33 years old and obtained her GED. (Plea transcript p. 4). Petitioner stated she understood and agreed with all the terms and conditions of the plea agreement. (Id. at 15). The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 14, 15). The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate

and post-conviction relief rights. (Id. at 15). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 21-23). During the plea hearing, the Government presented the testimony of Tom Markley, a Special Agent with the Federal Bureau of Investigation assigned to the Potomac Highlands Drug and Violent Crimes Task Force, to establish a factual basis for the plea. (Id. at 24-27). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that she was guilty of Count 6 of the indictment. (Id. at 27). The petitioner further stated under oath that no one had attempted to force her to plead guilty, and that she was pleading guilty of her own free will. (Id. at 27). In addition, she testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 28). The petitioner testified that her attorney had adequately represented her, and that her attorney had left nothing undone. (Id. at 28). Finally, petitioner said she was in fact guilty of the crime to which she was pleading guilty. (Id. at 29).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 29). The petitioner did not object to the Court's finding.

On October 19, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 121 months imprisonment.

**B.  Appeal**

Petitioner did not pursue a direct appeal.

**C.  Federal Habeas Corpus**

Petitioner contends in ground one of her petition that she received ineffective assistance of counsel at the plea phase of the proceedings because counsel failed to protect her from the Government's one-sides waivers.  She also contends in ground one her counsel was ineffective at the sentencing phase of the proceedings because counsel failed to evaluate the sentencing options and bargained away "relevant factors" without thoroughly investigating mitigating evidence.  Petitioner contends in ground two of her petition that pursuant to United States v. Booker, 543 U.S. 220, 244 (2005), the United States Sentencing Guidelines are only advisory and that the sentencing judge had the discretion to sentence petitioner to a lower sentence.

The Government contends petitioner received effective assistance of counsel because the waivers entered into by petitioner were reasonable and fair and petitioner possessed the right to enter a plea without an agreement or to proceed to trial.  The Government argues petitioner's second ineffective assistance of counsel allegation fails because petitioner fails to identify any mitigating evidence that should have been presented to the court on her behalf by counsel.  The Government argues petitioner's attack on the judge's sentence was waived in the plea agreement and that, even if it were not waived, the judge's sentence was reasonable.

**D.  Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

## III. ANALYSIS

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220.

5

Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Attar, 38 F.3d at 732 [holding it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations"].

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated the right to challenge a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel" are not waived by a general waiver of appeal rights contained in the plea agreement. Attar, 38 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing are not barred by a general waiver-of appeal rights.

Several courts have distinguished IAC claims raised in a § 2255 case from those raised on direct appeal. In Braxton v. United States, 358 F. Supp. 2d 497 (W.D.Va. 2005), the Court noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F. Supp. 2d 489, 493 (E.D.Va. 2001)). Nonetheless, the Court distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal,

> unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton, 358 F. Supp. 2d at 503.

The Court in Braxton further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995) also supports such a distinction. Braxton, 358 F. Supp. 2d at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

The recent unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions she waives the right to appeal any sentence below the statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights. Similarly here, the district court conducted a Rule 11 colloquy and the petitioner mentioned she waived her right to appeal any sentence below 188 months. (Tr. 15-23).

8

Petitioner waived her right to collaterally attack the sentence if her sentence was 188 months or less.  (Plea agreement paragraphs 11,12).  Her sentence was 121 months imprisonment.  The only reasonable conclusion is petitioner waived the right to collaterally attack the guilty plea.

## IV.  Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Paul Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: November 2, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE